UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 24, 2015

LETTER TO COUNSEL

RE: *Karol McMullen v. Commissioner, Social Security Administration*;
Civil No. SAG-14-2172

Dear Counsel:

On July 7, 2014, Plaintiff Karol McMullen petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 12, 14). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Ms. McMullen's motion and grant the Commissioner's motion. This letter explains my rationale.

Ms. McMullen protectively filed her claim on May 21, 2011. (Tr. 48, 117-18). She alleged a disability onset date of June 1, 2010. (Tr. 117). Her claim was denied initially and on reconsideration. (Tr. 48-67). A hearing was held on March 8, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 22-47). Following the hearing, the ALJ determined that Ms. McMullen was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 8-19). The Appeals Council denied Ms. McMullen's request for review, (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. McMullen suffered from the severe impairments of degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine, generalized anxiety disorder, affective disorder, and obesity. (Tr. 13). Despite these impairments, the ALJ determined that Ms. McMullen retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except she needs a sit/stand option every thirty minutes and is limited to occasional postural activity. Claimant, additionally, is limited to simple, routine, repetitive tasks in a low stress environment, involving only minimal contact with the public, co-workers, or supervisors. Claimant, furthermore, cannot perform fast-paced production work and must work in a stable work environment.

*Karol McMullen v. Commissioner, Social Security Administration*
Civil No. SAG-14-2172
March 24, 2015
Page 2

(Tr. 15). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. McMullen could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 18-19).

Ms. McMullen raises four arguments on appeal: (1) that the ALJ erred in evaluating the opinion of State agency consultative examiner, Dr. Rao; (2) that the ALJ erred by failing to mention, in his decision, the disability retirement determination made by the State of Maryland; (3) that the ALJ's RFC assessment was not supported by substantial evidence; and (4) that the ALJ erred in evaluating the opinion of Sherryl Silberman, her treating therapist. Each argument lacks merit and is addressed below.

Ms. McMullen claims that the ALJ erred in assessing the medical opinion of State agency consultative examiner Dr. Rao. Pl. Mem. 7-9. She argues that the ALJ failed to discuss Dr. Rao's statement that Ms. McMullen's "depressive symptoms interfere with her ability to tolerate work related stress and function productively." (Tr. 383). Notably, however, Dr. Rao did not expound upon the degree to which he found Ms. McMullen limited in any area. *See id.* It is thus not clear, as Ms. McMullen suggests, that Dr. Rao's statement is indicative of limitations that would "significantly interfere" with Ms. McMullen's "ability to be competitively employed." Pl. Mem. 9. Dr. Rao further opined that Ms. McMullen's overall prognosis was good. His opinion simply cannot be said to indicate the type of "significant and continuing health problems," warranting remand in *Perkins v. Apfel*, upon which Ms. McMullen relies. *See Perkins v. Apfel*, 101 F. Supp. 2d 365, 375 (D. Md. 2000). Even assuming that the ALJ assigned great weight to Dr. Rao's opinion,[1] it is not clear how the ALJ's RFC assessment, which included limitations to "simple, routine, repetitive tasks" and a "low stress environment," was inconsistent with Dr. Rao's statements concerning Ms. McMullen's abilities to cope with stress and function productively.

Ms. McMullen next contends that the ALJ should have discussed the fact that she had been approved for disability retirement by the State of Maryland. Pl. Mem. 10. Social Security Ruling 06-03p explains that "evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and *must* be considered," and that "the adjudicator *should* explain the consideration given to these decisions in the notice of decision for hearing cases." SSR 06-03p, 2006 WL 2329939, at *6-7 (August 9, 2006) (emphasis added). Although the ALJ's failure to discuss the State of Maryland's disability retirement determination in his notice of decision departed from the guidance of SSR 06-03p, because the determination was discussed at the hearing, (Tr. 25), I am satisfied that it was "considered" by the ALJ, and his failure to specifically discuss it in the notice of decision is not a basis for remand. Moreover, Ms. McMullen's counsel stated, at the hearing, that the State's disability retirement determination was based upon Ms. McMullen's inability to do her past work. *Id.* The ALJ agreed that Ms. McMullen was not capable of performing her past relevant work, and instead based his denial of disability upon Ms. McMullen's ability to perform other jobs in the national

---

[1] Ms. McMullen argues that the ALJ committed reversible error by failing to assign a specific weight to Dr. Rao's opinion. However, the ALJ implied that he credited Dr. Rao's opinion, and any error in his failure to specify the weight he assigned to the opinion was thus harmless.

*Karol McMullen v. Commissioner, Social Security Administration*
Civil No. SAG-14-2172
March 24, 2015
Page 3

economy. (Tr. 18). It is thus unclear how Ms. McMullen might have been prejudiced as a result of the ALJ's failure to discuss the disability retirement determination in the opinion.

Third, Ms. McMullen argues that, because there were no medical opinions in the record containing limitations identical to those included in the ALJ's physical RFC assessment, that assessment was not supported by substantial evidence. Pl. Mem. 10-12. Generally, a claimant is responsible for providing the evidence used to determine his RFC. 20 C.F.R. §§ 404.1512(c), 404.1545(a)(3). The ALJ is responsible, however, for developing a claimant's complete medical history, which requires ordering a consultative examination only if the evidence as a whole is insufficient to support a determination. 20 C.F.R. §§ 404.1519a, 404.1545(a)(3); *Bishop v. Barnhart*, 78 F. App'x 265, 268 (4th Cir. 2003). Ms. McMullen suggests that the ALJ should have ordered a consultative examination, but makes no specific allegations concerning deficiencies in the record, aside from the absence of an expert opinion mirroring the ALJ's RFC assessment. Contrary to Ms. McMullen's argument, however, an ALJ is not required to obtain an expert medical opinion as to a claimant's RFC. *Felton-Miller v. Astrue*, 459 F. App'x 226, 231 (4th Cir. 2011); *see also Colvard v. Chater*, 59 F.3d 165 (4th Cir. 1995) ("The determination of a claimant's [RFC] lies with the ALJ, not a physician, and is based upon all relevant evidence."). Although there was not an expert medical opinion setting forth the exact limitations found by the ALJ, he provided an abundance of other substantial evidence in support of his RFC assessment.

Ms. McMullen finally argues that the ALJ erred in assigning "little weight" to the opinion of Sherryl Silberman, her treating Licensed Clinical Social Worker ("LCSW"). Pl. Mem. 13-15. Social Security regulations distinguish between "acceptable medical sources" and "other healthcare providers who are not acceptable medical sources," including LCSWs, because, among other reasons, only acceptable medical sources can offer "medical opinions." 20 C.F.R. §§ 404.1513, 404.1527(a)(2), 416.913, 416.927(a)(2); SSR 06-03p, at *1-2. Social Security Ruling 06-03p explains that "[a]lthough the factors set forth in 20 C.F.R. 404.1527(d) and 416.927(d) explicitly apply only to the evaluation of opinions from 'acceptable medical sources,' these same factors can be applied to opinion evidence from 'other sources.'" SSR 06-3p, at *4. Ms. McMullen argues that the ALJ's evaluation of Ms. Silberman's opinion was deficient because the ALJ only considered her status as "not an acceptable medical source." First, I note that the fact that Ms. Silberman is "not an acceptable medical source" is a relevant factor that the ALJ may consider. This Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Although I agree that the best practice would have been for the ALJ to explicitly address any other factors set forth in 20 C.F.R. §§ 404.1527(d) and 416.927(d) applicable to Ms. Silberman's opinion, I am nevertheless able to conclude that the ALJ's RFC assessment was supported by substantial evidence due to his statement that he "recognizes that Ms. McMullen has difficulty with stress and dealing with others, but the above described [RFC] assessment accommodates for these factors." (Tr. 18). Accordingly, it appears that, although the ALJ did not assign "great weight" to Ms. Silberman's opinion, he did credit it to some extent. I thus find

*Karol McMullen v. Commissioner, Social Security Administration*
Civil No. SAG-14-2172
March 24, 2015
Page 4

that the ALJ provided substantial evidence in support of his evaluation of Ms. Silberman's opinion.

For the reasons set forth herein, Ms. McMullen's Motion for Summary Judgment (ECF No. 12) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 14) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge